UNITED STATES of America,
Appellee,

v.

Jose MARTE, Cristobal Perez, Jose
Mieses, Juan Alberto Rodriguez, Jr.,
Ramon Fernandez, aka "Ramoncito",
Hilario Rafael Matias, Defendants,

Maximo Osiris Minaya, Defendant–
Appellant.

Docket No. 01–1096.

United States Court of Appeals,
Second Circuit.

Nov. 21, 2002.

**532**

Barry S. Zone, Gersten, Savage & Kaplowitz (Robert S. Wolf, on the brief), New York, NY, for Appellant.

Aitan D. Goelman, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Christine H. Chung, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present WALKER, Chief Judge, and OAKES, and MINER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Maximo Osiris Minaya appeals from the February 5, 2001 judgment of the United States District Court for the Southern District of New York (Michael B. Mukasey, *Chief Judge* ), convicting him, following a jury trial, of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and one count of distribution and possession with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Minaya's conviction arises from his participation in the attempted delivery by trailer truck of approximately 242 kilograms of cocaine to Minaya's place of business, where it was to be off-loaded and transported for distribution. He was sentenced principally to 235 months of imprisonment, 5 years of supervised release, and a $200 special assessment.

On appeal, Minaya argues that (1) 21 U.S.C. § 841(b)(1)(A) is unconstitutional because it does not require a jury to decide the element of drug quantity; (2) the district court erred in not charging the jury that it had to find that appellant actually knew the drug quantity involved in the offense; and (3) his counsel's failure to seek certain downward departures or to challenge the sentence as cruel and unusual punishment constituted ineffective assistance of counsel. As we explain, none of these claims has merit.

■ Minaya argues that 21 U.S.C. § 841(b)(1)(A) does not provide for a jury determination of the quantity of drugs involved in the crime and is therefore unconstitutional pursuant to the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because Minaya failed to raise this claim in the district court, we review it for plain error. *See United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). Minaya's argument has been foreclosed by this Court's decision in *United States v. Outen,* which held that the traditional division of responsibility between judge and jury as to findings of drug quantity for purposes of 21 U.S.C. § 841 did not derive from the language of the statute but was a "judicially crafted overlay," and therefore that the change effected by *Apprendi* with respect to that division did not render the statute unconstitutional. *U.S. v. Outen,* 286 F.3d 622, 634–36 (2d Cir.2001).

■ Minaya's second claim, that the district court was required to instruct the jury that it had to find that Minaya had actual knowledge that the cocaine shipment involved five or more kilograms of cocaine, also relies on *Apprendi.* Because

trial counsel failed to object to the charge, it too is subject to plain error review. *See Cotton,* 122 S.Ct. at 1785. We need not consider the merits of this claim, however, because the fact that Minaya's 235–month sentence fell below the 20–year statutory maximum applicable to convictions based on any detectable amount of cocaine renders any error in the instruction harmless. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. White,* 240 F.3d 127, (2d Cir. 2001).

Finally, Minaya argues that he was denied the effective assistance of counsel at sentencing because his attorney failed to seek a downward departure under Section 5K2.0 of the United States Sentencing Guidelines (U.S.S.G. or the "Guidelines") based on a combination of factors, including his lack of any prior drug-related convictions, the economic hardship suffered by Minaya and his family because of the foundering and ultimate failure of his legitimate business, and the "extraordinary family circumstance" that, as a result of his conviction, his wife must go to work to support herself and their 15–year–old son. Minaya also claims that his counsel was ineffective for failing to challenge the 235–month sentence imposed by the district court as cruel and unusual punishment in violation of the Eighth Amendment.

■■■ To succeed on a claim for ineffective assistance of counsel under the standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "a defendant must overcome the 'presumption that ... the challenged action might be considered sound trial strategy.'" *Bell v. Cone,* 535 U.S. 685, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052) (internal quotation marks omitted). This Minaya cannot do. Minaya's counsel successfully pursued downward departures on the grounds that Minaya's role in the offense was minor under U.S.S.G. § 3B1.2(b) (2000) and that the quantity of cocaine overrepresented Minaya's culpability under U.S.S.G. § 2D1.1 Application Note 14 (2000), thereby reducing the sentence Minaya would have received, given the district court's imposition of an obstruction of justice enhancement, by nearly eleven years. The departures Minaya contends counsel should have sought, by contrast, were unlikely to have been granted. *See, e.g.,* U.S.S.G. § 4B1.1 (provision, inapplicable in this case, that *enhances* a sentence based on prior drug-related convictions); U.S.S.G. § 5K2.12 (noting that economic hardship does not warrant downward departure); *United States v. Johnson,* 964 F.2d 124, 128 (2d Cir.1992) (noting that disruption and economic hardship imposed on defendant's family did not constitute "extraordinary circumstance"). It would have been sound strategy on the part of Minaya's counsel to have foregone seeking departures on the weak grounds urged by Minaya in order to avoid clouding the district court's consideration of the downward departures based on stronger grounds that counsel did seek. In any event, counsel's failure to pursue these departures was not deficient because it did not fall below an objective standard of reasonableness under prevailing professional norms. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. Similarly, there is no basis for concluding that counsel was deficient for failing to argue that Minaya's sentence was cruel and unusual, or that this failure was prejudicial, because such a claim would almost certainly have failed. *See, e.g., United States v. Valdez,* 16 F.3d 1324, 1334 (2d Cir.1994) (rejecting argument that life sentence falling within the Guidelines was cruel and unusual). Accordingly, we find no merit to Minaya's ineffectiveness claim.

534

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**